536.P.2d 689

Sam STEIGER, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona FOR MARICOPA COUNTY, the Honorable Warren McCarthy, and Sportservice Corporation, a New York Corporation, Arizona Sportservice, Inc., an Arizona Corporation, Florida Sportservice, Inc., a Florida Corporation, Everglades Sportservice, Inc., a Florida Corporation, Sports Palace, Inc., a Florida Corporation, Golden Gate Sportservice, Inc., a California Corporation, Louisiana Sportsystems, Inc., a Louisiana Corporation, Air Terminal Services, Inc., a Virginia Corporation, District Sportservice, Inc., a District of Columbia Corporation, Colorado Sportservice, Inc., a Colorado Corporation, Dominion Sportservice, Inc., a Canadian Corporation, Detroit Sportservice, Inc., a Michigan Corporation, DRT Sportservice, Inc., a Michigan Corporation, H. P. Sportservice, Inc., a Michigan Corporation, Michigan Sportservice, Inc., a Michigan Corporation, Cahokia Sportservice, Inc., an Illinois Corporation, Chicago Sportservice, Inc., an Illinois Corporation, Illinois Sportservice, Inc., an Illinois Corporation, Maywood Sportservice, Inc., an Illinois Corporation, Missouri Sportservice, Inc., a Missouri Corporation, Twin-City Sportservice, Inc., a Missouri Corporation, New Mexico Sportservice, Inc., a New Mexico Corporation, Emprise Corporation, a New York Corporation, Michael A. Jarvis, and CMS Management Corporation, an Arizona Corporation, Respondents.

No. 11752.

Supreme Court of Arizona,
In Banc.

June 4, 1975.

**2**

Evans, Kitchel & Jenckes by Earl H. Carroll and Philip C. Tower, Phoenix, for petitioner.

Lewis & Roca by John P. Frank and Brian Goodwin, Phoenix, for respondent Sportservice.

Jennings, Strouss & Salmon by Gary L. Stuart and F. William Sheppard, Phoenix, for respondents Jarvis and CMS Management Corp.

HOLOHAN, Justice.

This case comes before us by a Petition for Special Action, challenging the order of the Superior Court of Maricopa County requiring a witness to answer certain questions propounded in a discovery deposition.

The witness, Michael A. Jarvis, is a former aide to Sam Steiger, a member of the United States House of Representatives from Arizona. The Congressman has asserted the privilege of Article I, § 6 of the U. S. Constitution (the Speech or Debate Clause) to prevent Jarvis from answering certain questions asked in a deposition conducted by the real parties in interest in a pending civil action against the Congressman, Jarvis, and others.

The civil action by Sportservice Corporation and its parent company, the Emprise Corporation, alleged that the defendants conspired to damage the business of the plaintiffs for the defendants' own private gain. Congressman Steiger filed an answer denying the allegations, and he filed a counterclaim asserting a claim for damages against respondents for defamation.

The respondents sought to depose Jarvis concerning his knowledge and activities in relation to the matters alleged in the action. Respondents were especially interested in questioning the witness Jarvis concerning a meeting at a San Diego hotel room between a Harold Nunn and Robert P. Leacy. The respondents allege that the conversation was recorded by Jarvis with the consent of Nunn but without the knowledge of Leacy who was a former attorney for Sportservice Corporation.

At the deposition of Jarvis, the attorney for Representative Steiger claimed the privilege under the Speech or Debate Clause of the U. S. Constitution, and Jarvis refused to answer any question to which the privilege was invoked. The re-

spondent corporations sought an order of the superior court requiring that Jarvis answer the questions propounded in the deposition. The superior court denied the claim of privilege and ordered Jarvis to answer the questions. This special action followed.

The Congressman, in his answer to the amended complaint and in his present petition, alleges that all the acts done or performed by him, or by Jarvis for him, were done in his capacity as a member of Congress and in furtherance of his legislative duties, and, by reason of legislative privilege and immunity, any claims or inquiry into those acts are barred.

█ When a privilege is asserted, the burden of establishing that a matter is privileged is upon the party claiming the privilege. 23 Am.Jur.2d Depositions and Discovery § 169. It is necessary to review the record to determine whether the inquiry sought by respondents was precluded by the privilege asserted by petitioner.

The privilege sought to be applied protects Senators and Representatives of the Congress in that "for any Speech or Debate in either House, they shall not be questioned in any other Place." U.S.Const. Art. I, § 6. The petitioner claims that the subject matter of inquiry related to a legislative investigation contemplated by him as a member of the House Select Committee on Crime, and he urges that he is entitled to invoke the privilege.

█ For purposes of construing the Speech or Debate Clause, a Congressman and his aide may be treated as one, given their intertwined duties in performing complex legislative tasks. Gravel v. United States, 408 U.S. 606, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972). Thus, if the Congressman could legitimately assert the privilege under the circumstances of this case, then so could his aide, Jarvis.

█ The original purpose of the Speech or Debate Clause was to permit the People's representatives to execute the functions of their offices without fear of prosecutions, civil or criminal. Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951); Kilbourn v. Thompson, 103 U.S. 168, 26 L.Ed. 377 (1880).

█ The protection of the Clause has been extended beyond statements on the floor of Congress to include any matter that is generally done in a session of the House by one of its members in relation to the business before it. Kilbourn v. Thompson, *supra*.

█ The privilege protects members of Congress from inquiry into legislative acts and the motivation for actual performance of such acts. United States v. Brewster, 408 U.S. 501, 92 S.Ct. 2531, 33 L.Ed.2d 507 (1972); United States v. Johnson, 383 U.S. 169, 86 S.Ct. 749, 15 L. Ed.2d 681 (1966). Activities that are clearly related to the legislative process are immune from inquiry even when general criminal statutes might otherwise apply. United States v. Johnson, *supra*. The "legislative process" does not, however, mean that everything related to the office of Congressman is shielded by the Clause. Only those acts generally done in the course of the process of enacting legislation are protected. United States v. Brewster, *supra*.

█ In this case, counsel for the Congressman argues that the Jarvis deposition was delving into subject matter that involved an investigation related to legislative activities and motivations for those actions. The fact that an investigation was being conducted for the Congressman is not sufficient to bring the matter within the protected area of the "legislative process." The acts for which discovery was sought are alleged to have occurred in July, 1971. There is no showing that the investigation was related to any pending congressional inquiry or legislation.

The Select Committee on Crime of the United States House of Representatives did not begin its hearings on the influence of criminal groups on sports and sports related activities until May 9, 1972. Report

of the Select Committee on Crime, June 25, 1973, House Report No. 93–326. The investigative activities of Mr. Jarvis could not have been related, which is conceded by petitioner, to a pending inquiry of the Select Committee.

It is true that in October, 1972, the Congressman introduced a bill (H.R. 17019) dealing with the subject of providing federal criminal penalties for fixing certain horse or dog races. It is arguable that the impetus for this proposed legislation was the result of the matters discovered by the investigation of Jarvis. In this broad sense the investigation by Jarvis may be said to be related to the legislative process. Under such an expansive view there are few activities in which a legislator engages that could not be somehow related to the legislative process. Neither the history, literal language, nor judicial construction extend the privilege to include all things in any way related to the legislative process.

> "Legislative acts are not all-encompassing. The heart of the Clause is speech or debate in either House. Insofar as the Clause is construed to reach other matters, they must be an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters which the Constitution places within the jurisdiction of either House." Gravel v. United States, 408 U.S. at 625, 92 S.Ct. at 2627.

None of the cases construing the privilege have extended it to the length sought by petitioner. We are compelled to conclude that, under the circumstances of this case, the activities of Jarvis do not come within the protected area of the Speech or Debate Clause; therefore the decision of the trial court in denying the claim of privilege was correct. The relief sought by petitioner is denied.

STRUCKMEYER, V. C. J., and LOCKWOOD and HAYS, JJ., concur.

CAMERON, C. J., did not participate in the determination of this matter.